ACCEPTED
15-24-00096-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 3:53 PM
CHRISTOPHER A. PRINE
CLERK

**CAUSE NO.** 15-**24-00096-CV**

ANTHONY NGUYEN, O. D

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/16/2024 3:53:11 PM
CHRISTOPHER A. PRINE
Clerk

**Appellant,**

**IN THE COURT**
**OF APPEALS**

**vs.**

**FIFTEEENTH DISTRICT**

**TEXAS OPTOMETRY BOARD**

**OF TEXAS**

**Appellee.**

On Appeal from the 459th Judicial District of Travis County, Texas

**REPLY BRIEF OF APPELLANT ANTHONY NGUYEN, O. D.**

ROGER B. BORGELT
STATE BAR NO. 02667960
BORGELT LAW
614 S. CAPITAL OF TEXAS HWY.
AUSTIN, TEXAS 78746
(512) 600-3467 (TEL.)
ROGER@BORGELTLAW.COM
COUNSEL OF RECORD

ORAL ARGUMENT IS REQUESTED

## I. Identity of Parties and Counsel

**ANTHONY NGUYEN, O. D., Appellant**

Roger B. Borgelt
STATE BAR NO. 02667960
Borgelt Law
614 S. Capital of Texas Hwy.
Austin, TX 78746
O: 512.600.3467
Mobile: 512.870.7533
E: roger@borgeltlaw.com

**Attorney for ANTHONY NGUYEN, O. D.**

**TEXAS OPTOMETRY BOARD**, Appellee

HELEN KELLEY
State Bar No. 24086520
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4136
Helen.Kelley@oag.texas.gov

**Attorney for TEXAS OPTOMETRY BOARD**

# I.     Table of Contents

 IDENTITY OF PARTIES AND COUINSEL …………2

TABLE OF CONTENTS……………………………….3

INDEX OF AUTHORITIES……………………………4

SUMMARY OF THE ARGUMENT……………………5

ARGUMENT        ……………………………………5

POINT OF ERROR NO. 2: SPECIFIC DIRECTION AND INSTRUCTION FROM A PHYSICIAN WERE GIVEN TO DR. NGUYEN SO CHAPTER 351 DOES NOT APPLY TO DR. NGUYEN UNDER THE CIRCUMSTANCES WHICH OCCURRED ……………………………………………………….5

PRAYER………………………………………………9

CERTIFICATE OF SERVICE…………………………10

## II.    Index of Authorities

Texas Occupations Code 351.005………………………………….………5,6,9

Texas Occupations Code §351.005(a)(2)(B…………………………………..6

### III.    Summary of the Argument

1.  Both parties agree that Appellant Dr. Nguyen did not perform the tests that the Board alleges he failed to perform in its enforcement action. The critical fact is that it was impossible for him to perform them if he followed the direction and instruction of Dr. Campen and Texas Physicians Eyecare Group.  Dr. Nguyen had no say or control over how that organization's telemedicine examinations are performed. The documentary evidence, as well as the testimony of Dr. Nguyen, Dr. Brocwell, and Dr. Campen, support the findings that specific direction and instruction to perform only the TPEG approved tests was given to Dr. Nguyen. Further, it is up to Dr. Campen as director of medical practice, and not Dr. Nguyen, to determine whether his examination procedures for diagnosing eye patients meet the needs of those patients.

### IV.    Argument

> **POINT OF ERROR NO. 2: SPECIFIC DIRECTION AND INSTRUCTION FROM A PHYSICIAN WERE GIVEN TO DR. NGUYEN SO CHAPTER 351 DOES NOT APPLY TO DR. NGUYEN UNDER THE CIRCUMSTANCES WHICH OCCURRED**

2.  The Texas Optometry Board cannot arbitrarily impose its standards on optometrists who perform services for the TPEG medical practice, under Dr. Campen's direction and control. This is because Section 351.005 of the Optometry Act provides:

APPLICATION OF CHAPTER; EXEMPTIONS. (a) This chapter does not:

(1) apply to an officer or agent of the United States or this state in performing official duties;

(2) **prevent or interfere with the right of a physician licensed by the Texas Medical Board to**:

(A) treat or prescribe for a patient; or

(B) **direct or instruct a person under the physician's control, supervision, or direction to aid or attend to the needs of a patient according to the physician's specific direction, instruction, or prescription.** (emph. supp.)

3. As the Board states in its brief: "Dr. Thomas Campen, a physician licensed by the Texas Medical Board and medical director of TPEG, developed the protocols to obtain and analyze data from patients to issue prescriptions for glasses and contact lenses.9 Technicians performed various tests according to Dr. Campen's protocols and sent the results to Nguyen, a licensed optometrist.10 The in-office staff of TPEG does all of the intake and pretest and refractions procedures.11 Nguyen testified that on average he spends six to ten minutes reviewing the data gathered by technicians before issuing a prescription or referring the patient out, if necessary.12" Appellee's Brief at 1-2.

This language describes the specific direction and instruction given to Dr. Nguyen and the rest of the TPEG staff. The Board attempts to distinguish between

6

the instruction given to Dr. Nguyen and that given to the staff, but it is undisputed that this instruction applied to all staff, including Dr. Nguyen, who is a part of the staff of TPEG.

4. Most importantly, Dr. Nguyen addressed these issues directly in his testimony. He stated that some elements of the 10-point initial examination were impossible to perform over telemedicine, when following Dr. Campen's instruction. Administrative Record HOM 317 recording at 1:51:07-1:53:19. There is no evidence or argument from the Board that it was even possible to perform these tests via telemedicine. Dr. Nguyen further explained how he follows and must follow Dr. Campen's specific instructions contained in the Texas Physicians Eyecare Group guidelines. Administrative Record HOM recording 317 at 1:53:37 to 2:01:50. Dr. Nguyen also explained that he can't deviate from the Texas Physicians Eyecare Group procedure, and further that he is not allowed by Dr. Campen to perform the tests that the Optometry Board states he failed to perform. Administrative Record HOM 317 recording at 2:29:45 to 2:30:00. Thus, the specific direction and instruction given to him by Dr. Campen REQUIRED him not to comply with the provisions of the Optometry Act which he is charged with violating.

5. Dr. Campen, as the medical practice director for Texas Physicians Eyecare Group, also testified at length as to his requirements for Dr. Nguyen. Dr. Campen

7

described in detail Dr. Nguyen's role in reviewing data and writing prescriptions under his contractual agreement with the practice to perform telemedicine eye examinations. Administrative Record HOM recording 319 at 4:04 to 6:45. Dr. Campen explained that the Texas Physicians Eyecare Group guidance is a mandatory protocol and Dr. Nguyen is not allowed to deviate from it. Administrative Record HOM recording 319 at 7:35 to 10:35. Dr. Campen also explained that Dr. Nguyen must follow the guidelines given to him as a condition of his contract. Administrative Record HOM recording 319 at 25:55 to 27:38.

6. It is up to Dr. Campen as the director of the medical practice, and as allowed by the Texas Medical Board, to determine whether his examination procedures for diagnosing eye patients meet the needs of those patients. The Texas Optometry Board cannot arbitrarily impose its own standards on Dr. Campen's medical practice and require him to comply with the Optometry Act's requirements for initial examinations. Dr. Nguyen conducted telemedicine examinations of patients pursuant to the express supervision and specific direction given to him according to the medical practice group's specific ophthalmology exam process, contained in the Texas Physicians Eyecare Group guidelines, Administrative Record 218-219. He could do no more and no less. Regardless of his status as an independent contractor or employee, it was clear from all the testimony that he had to follow the specific instructions in this document. Those procedures state

8

specifically: "The PEG provides medical services through delegation and supervision by the PEG Medical Director to both the optometrist and ophthalmologists who work directly for the PEG and the Stanton Optical and MEL supportive staff." Administrative Record 218-219. Again, these instructions apply to the optometrists and the rest of the staff.

7. Dr. Nguyen was specifically under the direction and instruction of Dr. Campen and the Texas Physicians Eyecare Group, and he had no say or control over how that organization's telemedicine examinations are performed. Dr. Nguyen is therefore entitled to dismissal of the Texas Optometry Board complaint, as Chapter 351 does not apply to him under these circumstances. The overwhelming substantial evidence indicates specific direction and instruction to attend to the needs of patients to Dr. Nguyen from Dr. Campen occurred, and those facts invoke this provision.

PRAYER

For all of the reasons stated above, Appellant prays that the Board's Final Order be reversed or remanded for correction of the Commission's harmful errors in violation of a statutory provision and in excess of the agency's statutory authority, and that this Court issue an opinion reversing the Board's Order with regard to the errors identified by Appellant, award Appellant his costs of suit, and award such other and further relief to which Appellant may be entitled in law or equity.

9

**Dated:** December 16, 2024

Respectfully submitted,

/s/Roger B. Borgelt
**Roger B. Borgelt**
**Borgelt Law**
614 S. Capital of Texas Hwy.
Austin, TX 78746
O: 512.600.3467
M: 512.870.7533
E: roger@borgeltlaw.com
SBN: 02667960

## CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 1489 words.

Date: D e c e m b e r  1 6 , 2024.

/s/Roger B. Borgelt
Roger B. Borgelt

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Reply Brief of Appellant Anthony Nguyen, OD** has been served to all parties below by electronic delivery, on or before December 16, 2024.

/s/Roger B. Borgelt
Roger B. Borgelt

HELEN KELLEY
State Bar No. 24086520
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Telephone: (512) 475-4136
Helen.Kelley@oag.texas.gov

**Attorney for TEXAS OPTOMETRY BOARD**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Roger Borgelt on behalf of Roger Borgelt
Bar No. 02667960
roger@borgeltlaw.com
Envelope ID: 95368163
Filing Code Description: Brief Requesting Oral Argument
Filing Description: REPLY BRIEF OF APPELLANT ANTHONY NGUYEN, O. D.
Status as of 12/16/2024 4:32 PM CST

Associated Case Party: Texas Optometry Board

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Helen Kelley | | Helen.Kelley@oag.texas.gov | 12/16/2024 3:53:11 PM | SENT |

Associated Case Party: Anthony Nguyen

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Roger Borgelt | | roger@borgeltlaw.com | 12/16/2024 3:53:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan Millsapps | | susan.millsapps@oag.texas.gov | 12/16/2024 3:53:11 PM | SENT |